(62 Misc. Rep. 33.)

### PEOPLE ex rel. LUKAGUS v. BARRY, Correction Com'r.

(Supreme Court, Special Term, New York County. January, 1909.)

MANDAMUS (§ 61*)—MINISTERIAL DUTY—ENFORCEMENT.

A writ of mandamus will issue compelling the commissioner of corrections, within two days after the commitment of a person for vagrancy, to direct such person's discharge at the end of five days if he has not been previously committed, as provided by Greater New York Charter (Laws 1901, p. 298, c. 466) § 710, as amended by Laws 1905, p. 1568, c. 638.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 61.*]

Application by the People, on the relation of one Lukagus, for writ of mandamus to John J. Barry, Commissioner of Correction. Motion granted.

Abraham Pearlman, for the motion.
Francis K. Pendleton, opposed.

ERLANGER, J. This is an application for a peremptory writ of mandamus directed to John J. Barry, commissioner of correction of the city of New York, commanding and directing him forthwith to prepare and transmit a written order to the superintendent, warden, or sheriff in charge of the workhouse, Blackwell's Island, N. Y., pursuant to section 710 of the Greater New York charter (Laws 1901, p. 298, c. 466), as amended by Laws 1905, p. 1568, c. 638, specifying the date of the discharge of the petitioner, who is now committed at the said workhouse, Blackwell's Island, N. Y., and also commanding and directing the superintendent, warden, or sheriff in charge of said workhouse forthwith to comply with the terms and conditions

of the said written order so transmitted by the said commissioner of correction.

The facts are not disputed. The petitioner, on the 17th day of November, 1908, was arraigned before one of the magistrates of the city, charged with violating section 141 of the tenement house act (Laws 1901, p. 920, c. 334, § 141). She was found guilty of the charge, and committed to the workhouse for a period of six months. The commissioner has refused to make any written order under section 710 of the charter, as amended by Laws 1905, p. 1568, c. 638. Under Laws 1901, p. 920, c. 334, § 141, under which the petitioner was prosecuted, she was, when found guilty, "deemed a vagrant," and was to be committed "to a county jail for a term not exceeding six months from the date of commitment." That section further expressly provided that "the procedure in such case shall be the same as that provided by law for other cases of vagrancy." Referring, then, to the procedure in other cases of vagrancy, we find that upon conviction the person convicted shall be sentenced to the workhouse "for the term of six months." Sections 707 to 710, 712, Greater New York Charter. But by the provision of section 710 (as amended by Laws 1905, p. 1568, c. 638), the commissioner of correction is required, within two days after the commitment of any person upon a conviction of vagrancy, to ascertain from the records therein referred to whether such person is committed to the workhouse, penitentiary, or county jail within two years next preceding the date of such commitment for public intoxication, disorderly conduct, or vagrancy, and to make a written order specifying the date at which such person shall be discharged, and in the case of a person who has not previously been committed the order shall direct that such person shall be discharged at the expiration of five days from the date of his commitment. The constitutionality of this law has been sustained. People ex rel. Abrams v. Fox, 77 App. Div. 245, 79 N. Y. Supp. 56.

There has been no reason advanced why the provisions of the charter referred to do not apply to the case at bar. By the conviction of the petitioner she was "deemed a vagrant," and the procedure was by statute declared to be the same as provided by law "for other cases of vagrancy." The intent of the statute is clear to place all cases of vagrancy in the same category and to make the procedure uniform. By the command of the statute the commissioner of correction, as well as all other officials, is obliged to adopt and follow the procedure in this case as that provided by law for other cases of vagrancy. The duty of the commissioner being ministerial, a writ of mandamus may issue compelling him to obey the command of the statute, as to which he has no discretion.

Motion granted.